Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: (702) 420-7000
jbraster@nblawnv.com

AVYNO LAW P.C.
Jennifer H. Hamilton, Esq. (pro hac vice to be submitted)
Email: jhh@avynolaw.com
Jan A. Sundberg, Esq. (pro hac vice to be submitted)
Email: jas@avynolaw.com
Shawn B. Hussain, Esq. (pro hac vice to be submitted)
Email: sbh@avynolaw.com
6345 Balboa Blvd., Suite 208, Building I
Encino, CA 91316
Tel.: (818) 654-8841
Fax: (818) 332-4205

*Attorneys for Plaintiff*
*Snap-Loc Cargo Control Systems, LLC,*
*a Nevada Limited Liability Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SNAP-LOC CARGO CONTROL SYSTEMS, LLC, a Nevada Limited Liability Company, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| DC CARGO MALL INC., a New Jersey Corporation; and DOES 1 through 10, inclusive. | **[DEMAND FOR TRIAL BY JURY]** |
| Defendant. | |

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

Plaintiff Snap-Loc Cargo Control Systems, LLC, a Nevada Limited Liability Company ("Plaintiff" or "Snap-Loc") by and through its counsel, Avyno Law P.C., in its complaint against DC Cargo Mall Inc., a New Jersey Corporation ("Defendant" or "DC Cargo"), alleges as follows:

**PARTIES**

1.     Snap-Loc is a limited liability company having a principal place of business in Las Vegas, Nevada.  Snap-Loc is the owner of certain intellectual property related to cargo securement equipment and is engaged in the manufacturing and selling of products covered by said intellectual property within the jurisdiction and venue of this Court.

2.     Defendant is a New Jersey corporation with its principal place of business in Wall, New Jersey. Defendant manufactures and sells cargo securement equipment, within the jurisdiction and venue of this Court.

3.     Snap-Loc is unaware of the true names and capacities of defendants sued as Does 1 through 10, inclusive, and therefore sue these defendants by these fictitious names.  Snap-Loc will amend this Complaint to allege their true names and capacities when ascertained.  Each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint, and that Snap-Loc's damages were at least proximately caused by those defendants.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), as this action involves questions of federal patent and trademark law, and arises under 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, and under Lanham Act, 15 U.S.C. § 1051 et seq., including 15 U.S.C. 1125(a), as Defendant has violated Snap-Loc's patent and trademark rights. This Court has subject matter jurisdiction over Snap-Loc's state-law claims under 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Defendant because Defendant has substantial contacts and conducts business in the State of Nevada and in this judicial district and has been infringing Snap-Loc's patent and trademark rights in Nevada and in this judicial district, as well as elsewhere. Defendant's products are sold or offered to customers and companies located in Nevada, including companies located in this judicial district, such as Lowes & Tractor Supply Co.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

2

8.      Moreover, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between Snap-Loc and Defendant and the amount in controversy exceeds $75,000.00.

9.      Finally, this Court has supplemental jurisdiction pursuant 28 U.S.C. § 1367(a) for all other claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.      Based on information and belief, this Court has specific personal jurisdiction over Defendant because it has purposefully committed and continues to commit, acts within the State of Nevada, the acts from which these claims arise.

11.      Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant is subject to personal jurisdiction in this district and a substantial part of the events giving rise to Snap-Loc's claims occurred in this judicial district.

## FACTUAL BACKGROUND

**A.      Snap-Loc's Patent Rights**

12.      U.S. Patent No. 8,985,922 (the "'922 Patent") titled E-Track connector issued on March 24, 2015, to Snap-Loc.  A true and correct copy of the '922 Patent is attached as **Exhibit A**.

13.      Snap-Loc makes and sells, among other things, single cargo tie-down slots or strap anchors for creating anchor points for straps used to secure cargo ("Tie-Down Anchors").

14.      Snap-Loc has sold hundreds of thousands of units of Snap-Loc's Tie-Down Anchors throughout the United States since 2013, including in the New Jersey area, where Defendant is located.

15.      Snap-Loc's Tie-Down Anchors have been sold to numerous companies, including Home Depot, US Cargo Control, Grainger Industrial, Amazon.com and other online platforms, including Snap-Loc's own website.

16.      Defendant has been on notice since on or around March 1, 2022, of the '922 Patent, when the parties had a prior dispute over Defendant purchasing and selling products infringing the '922 Patent.

17.      The '922 Patent is an asset of great value to Snap-Loc.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

18.    Snap-Loc has never given Defendant authorization to use Snap-Loc's '922 Patent.

**B.    Snap-Loc's Trademark Rights**

19.    Snap-Loc is also the owner of the mark E-TRACK SINGLE, and owner of U.S. Trademark Registered Trademark No. 7,160,465 for the mark E-TRACK SINGLE  (the "'465 Trademark Reg."). A true and correct copy of the '465 Trademark Reg. is attached as **Exhibit B**.

20.    Under the '465 Trademark Reg., the mark E-TRACK SINGLE is registered in connection with "Buckles of common metal; Metal clasps for tying down straps."

21.    The '465 Trademark Reg. indicates that the E-TRACK SINGLE was first used in commerce at least as early as Jan 31, 2013.

22.    Snap-Loc's '465 Trademark Reg. is valid, subsisting, and constitutes *prima facie* evidence of the validity of the E-TRACK SINGLE  trademark and registration, and Snap-Loc's exclusive right to use the E-TRACK SINGLE  mark in commerce, and prevent others from using confusingly similar marks.

23.    Snap-Loc also holds US Trademark Registration No. 4,581,998 for the mark E-TRACK SINGLE (the "'998 Trademark Reg.").

24.    The '998 Trademark Reg. registered on August 5, 2014, on the Supplemental Register, also claiming a date of first use of January 31, 2013.

25.    Having acquired distinctiveness in the mark E-TRACK SINGLE through over nine years of use, in February of 2022, Snap-Loc applied for registration of the mark E-TRACK SINGLE on the Principal Register, which upon a showing of acquired distinctiveness to the USPTO, registered as the '465 Trademark Reg.

26.    Snap-Loc's Tie-Down Anchors are sold under its E-TRACK SINGLE trademark.

27.    Snap-Loc's E-TRACK SINGLE trademark has been used in connection with its Tie-Down Anchors since its adoption in 2013.

28.    Snap-Loc has sold hundreds of thousands of units of Snap-Loc's Tie-Down Anchors under its E-TRACK SINGLE trademark and has invested substantial amounts of money on advertising and promoting its products under the mark.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

4

27.     Snap-Loc has developed extensive goodwill in its E-TRACK SINGLE trademark as a result of its long use, advertising, and promotion of the mark, and the degree of public recognition of the mark.

29.     Snap-Loc's E-TRACK SINGLE trademark and registration are assets of great value to Snap-Loc.

30.     Snap-Loc has never given Defendant authorization to use its E-TRACK SINGLE trademark.

**C.      Snap-Loc's Trade Dress Rights**

31.     Snap-Loc's Tie-Down Anchors sold under the mark E-Track Single have a distinctive trade dress in the overall design of the E-Track Single Tie-Down Anchors ("Singles Trade Dress"). An examples of Plaintiff's products bearing the distinctive Singles Trade Dress is depicted in the photograph below:



32.     Snap-Loc has made and sold products bearing the distinctive Singles Trade Dress since 2013 and as a result of Plaintiff's extensive use of the Singles Trade Dress in association with its Tie-Down Anchors, (a) the public has come to recognize and identify Snap-Loc's Tie-Down Anchors bearing the Singles Trade Dress as emanating from Snap-Loc, (b) the public recognizes that products bearing the Singles Trade Dress constitute high quality products that conform to the specifications created by Snap-Loc, and (c) the Singles Trade Dress has established strong secondary meaning and extensive goodwill.

33.     Snap-Loc's Singles Trade Dress is an asset of great value to Snap-Loc.

34.     Snap-Loc has never given Defendant authorization to use its Singles Trade Dress.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

5

**D.    Defendant's Infringing & Wrongful Acts**

35.    As set forth above, Defendant has been on actual notice since on or around March 1, 2022, of the '922 Patent, when the parties had a prior dispute over Defendant's products infringing the '922 Patent.

36.    Snap-Loc and Defendant settled their 2022 dispute and shortly thereafter Defendant resumed purchasing product from Snap-Loc, including Snap Loc's Tie-Down Anchors covered by the '922 Patent and using the registered E-Track Single trademark and the Singles Trade Dress (the "Snap-Loc E-Track Singles").

37.    Snap-Loc permitted Defendant to sell the Snap-Loc E-Track Singles on Amazon.com, and in fact, was the only 3rd party permitted by Snap-Loc to sell on Amazon.com.

38.    On or around January 17, 2025, Snap-Loc notified Defendant of pricing violations on Amazon.com and asked Defendant to immediately correct the pricing violation.

39.    After several follow-ups, and the pricing violations remaining uncorrected, Defendant wrote Snap-Loc, on May 14, 2025, stating, "…we no longer sell your product. The item we currently offer is our own design and is not manufactured using Snap-Loc parts."

40.    Snap-Loc responded by email on May 15, 2025, stating, "… make sure DC immediately removes and never uses Snap-Loc's trademark phrase "E-TRACK SINGLE" anywhere. Make sure your new item does not resemble our item which is still a patent protected item or we will take immediate legal action against DC Cargo. With that said please email me pictures of the item you are referring to as "our own design" so my attorney and I can review it."

41.    No response was received to Snap-Loc's May 15, 2025, correspondence.

42.    Snap-Loc is now selling its own tie-down anchors as shown on **Exhibit C**, attached hereto, which is a true and correct screen shots of Defendant's website taken on October 30, 2025 at https://dccargo.com/products/e-track-single-black-painted with the various thumbnail images of the products shown on the page.

43.    Defendant's sale and offer for sale of its tie-down anchors on **Exhibit C** infringe the '922 Patent.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

44.     Further, Defendant's use the mark "Single E-Track" to identify its cargo tie-down slots in a manner that creates a likelihood of confusion with Snap-Loc's E-TRACK SINGLE trademark and infringes Snap-Loc's rights in its trademark and the '465 Trademark Reg. for the mark E-TRACK SINGLE.

45.     Defendant was aware of Snap-Loc's patent and trademark rights at least as early as 2022 as a result of Defendant's prior dispute with Snap-Loc and Defendant's purchase of Tie-Down Anchors from Snap-Loc both before and after the parties 2022 dispute.

46.     Defendant's knowledge of Snap-Loc's patent and trademark rights establishes that Defendant's acts of infringement have been, at all times relevant to this Complaint, willful.

47.     Defendant's willful infringement of Snap-Loc's patent and trademarks has caused substantial harm to Snap-Loc and was designed to cause such harm.

**Count I**

**Infringement of US Patent No. 8,985,922**

48.     The allegations of paragraphs 1 through 47 are replead and realleged as though fully set forth herein.

49.     This is a claim for patent infringement, and arises under 35 U.S.C. Sections 271 and 281.

50.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

51.     Snap-Loc is the owner of U.S. Patent No. 8,985,922 (the "'922 Patent"), which protects the described and claimed invention therein. A true and correct copy of the '922 Patent is attached hereto as **Exhibit A**.

52.     By statute, the '922 Patent is presumed to be valid and enforceable under 35 U.S.C. § 282.

53.     Defendant, through its agents, employees and servants, has manufactured, imported, offered to sell, and sold, without any rights or license, tie-down anchors that fall within the scope and claims contained in the '922 Patent, as shown on **Exhibit C**. Such actions constitute direct, indirect, and/or contributory infringement.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

7

54.     Snap-Loc is informed and believes, and thereupon alleges, that Defendant willfully infringed upon Snap-Loc's exclusive rights under this patent, with full notice and knowledge thereof.

55.     Snap-Loc is informed and believes, and thereupon alleges, that Defendant has derived, received and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not presently known to Snap-Loc. By reason of the aforesaid acts of infringement, Snap-Loc has been, and will continue to be, greatly damaged.

56.     Unless Defendant is enjoined by this Court, Defendant will continue to infringe the '922 Patent to the great and irreparable injury of Snap-Loc, for which Snap-Loc has no adequate remedy at law.

57.     Snap-Loc is informed and believes, and thereupon alleges, that Defendant has derived, received and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not presently known to Snap-Loc. By reason of the aforesaid acts of infringement Snap-Loc has been, and will continue to be, greatly damaged.

## Count II

## Infringement of US Trademark Reg. No. 7,160,465

58.     The allegations of paragraphs 1 through 57 are repled and realleged as though fully set forth herein.

59.     This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114.

60.     Jurisdiction is founded upon 15 U.S.C. § 1121.

61.     Snap-Loc is the owner of U.S. Trademark Registered Trademark No. 7,160,465 for the mark E-TRACK SINGLE (the "'465 Trademark Reg.").

62.     The '465 Trademark Reg. confers the exclusive right to use the mark E-TRACK SINGLE in commerce for the goods designated, as well as prevent confusingly similar uses. A true and correct copy of the'465 Trademark Reg. is attached hereto as **Exhibit B**.

63.     The mark has been in use in commerce in connection with the sale of tie-down anchors continuously since at least as early as Jan 31, 2013.  The E-TRACK SINGLE trademark appears clearly on packaging, advertisements, product brochures, and at the point of sale for online purchases.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

8

64. Defendant, through its agents, employees and servants, has manufactured, imported, advertised, offered for sale, and/or sold products bearing the mark SINGLE E-TRACK without authority from Snap-Loc for doing so. Specifically, as shown in **Exhibit C**, Defendant is selling a tie-down anchors under the mark SINGLE E-TRACK, which is confusingly similar to, and therefor infringes, Snap-Loc's registered trademark E-TRACK SINGLE.

65. Snap-Loc is informed and believes, and thereupon alleges, that Defendant's use of the mark SINGLE E-TRACK in commerce constitutes trademark infringement, false designation or origin, a false description or representation of goods and wrongfully and falsely represents to the consuming public that Defendant's products originate from, or are somehow authorized by, or affiliated with Snap-Loc.

66. Snap-Loc is informed and believes, and thereupon alleges, that Defendant's unauthorized use of a mark confusingly similar to Snap-Loc's registered trademark E-TRACK SINGLE has caused confusion in the marketplace as to the source of origin of Defendant products and has caused damage to Snap-Loc within this jurisdictional district.

67. Snap-Loc is informed and believes, and thereupon alleges, that Defendant willfully infringed upon Snap-Loc's exclusive rights under its trademark with the intent to trade upon the goodwill of Snap-Loc's trademark and to injure Snap-Loc.

68. Snap-Loc is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

69. Snap-Loc is informed and believes, and thereupon alleges, that Defendant will continue to infringe Snap-Loc's registered trademark to the great and irreparable injury of Snap-Loc, for which Snap-Loc has no adequate remedy at law unless Defendant is enjoined by this court.

70. Snap-Loc has been damaged in this judicial district as a result of the Defendant's infringement of its trademark, and pursuant to 15 U.S.C. § 1117, Snap-Loc is entitled to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Snap-Loc's attorneys' fees. In addition, pursuant to 15 U.S.C. § 1118, Snap-Loc is entitled to an order requiring destruction of all infringing products in Defendant's possession.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

9

**Count III**

**Trade Dress Infringement Under 15 USC 1125(a)(1)(A); Lanham Act § 43(a)(l)(A)**

71.    The allegations of paragraphs 1 through 70 are repled and realleged as though fully set forth herein.

72.    Snap-Loc owns a trade dress in the overall look and feel of the Tie-Down Anchors sold under the mark E-Track Single ("Singles Trade Dress"), as shown below:



The overall visual impression that the combination and arrangement of the elements in the above is aesthetic, not functional. Snap-Loc has acquired the rights to enforce the Singles Trade Dress.

73.    The Singles Trade Dress is inherently distinctive.

74.    The Singles Trade Dress has acquired a secondary meaning.

75.    Snap-Loc has continuously utilized the Singles Trade Dress since at least 2013 and has acquired value and goodwill in the Singles Trade Dress.

76.    Snap-Loc is informed and believes and thereon alleges that a substantial segment of the relevant purchasing public recognizes the Singles Trade Dress as coming from and/or associated with Snap-Loc.

77.    Snap-Loc is informed and believes and thereon alleges that Defendant intentionally copied a design confusingly similar to the Singles Trade Dress (as shown in **Exhibit C**) in an effort to usurp the goodwill that Snap-Loc has created with consumers through continuous and extensive use of the Singles Trade Dress.

78.    As shown on **Exhibit C**, Defendant has and is advertising products that incorporate a look and feel that is confusingly similar to the Singles Trade Dress.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

79.    Further, as shown on **<u>Exhibit C,</u>** at least five of the product thumbnail images used by Defendant in connection with the sale of its tie-down anchors, depicted the exact Singles Trade Dress and, in fact, are believed to be images of Snap-Loc's own Tie-Down Anchors incorporating the Singles Trade Dress.

80.    Defendants are not now, and never have been, authorized by Snap-Loc to use the Singles Trade Dress or any confusingly similar trade dress.

81.    Snap-Loc is informed and believes and thereon alleges that Defendants' product and use of images incorporating the Singles Trade Dress is likely to cause confusion, mistake, and/or deception among consumers as to whether Snap-Loc endorses, is affiliated with, or is the same as Defendant or its goods.

82.    Snap-Loc is informed and believes and thereon alleges that Defendants' use of a product similar to, and images of, Snap-Loc's Singles Trade Dress is also likely to cause confusion among consumers as to source.

83.    Snap-Loc is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on Snap-Loc's advertising, sales, and consumer recognition, Defendant has made substantial sales and profits in amounts to be established according to proof.

84.    As a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on Snap-Loc's advertising, sales, and consumer recognition, Snap-Loc has been damaged and deprived of substantial sales of its goods and has been deprived of the value of its Singles Trade Dress as a commercial asset, in amounts to be established according to proof.

85.    Snap-Loc is informed and believes, and thereon alleges that, unless restrained by the Court, Defendants will continue to infringe Snap-Loc's Singles Trade Dress, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Snap-Loc adequate relief for the damage to its Singles Trade Dress in the public eye.

86.    Further, Snap-Loc is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendant and its goods.

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

87.     Snap-Loc is informed and believes and thereon alleges that Defendant's acts were committed, and continue to be committed, with actual notice of Snap-Loc's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Snap-Loc and its products.

88.     Pursuant to 15 U.S.C. § 1117, Snap-Loc is entitled to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Snap-Loc's attorneys' fees. In addition, pursuant to 15 U.S.C. § 1118, Snap-Loc is entitled to an order requiring destruction of all infringing products in Defendant's possession.

## PRAYER FOR RELIEF

WHEREFORE, Snap-Loc prays that this Court grant relief and enter judgment against Defendant as follows:

I.     Snap-Loc prays for entry of judgment in its favor on its claim for patent infringement and respectfully requests:

A.     That this Court find Defendant has infringed the ''922 Patent under 35 U.S.C. § 271;

B.     That this Court preliminarily and permanently enjoin Defendant from infringing the '922 Patent and any further acts of infringement of the patent under 35 U.S.C. § 283;

C.     That this Court award damages to compensate Snap-Loc for Defendant's infringement of the '922 Patent in an amount to be determined at trial, and in no event less than Defendant's profits, together with interest and cost, under 35 U.S.C. § 284, which Snap-Loc preliminarily estimates to be no less than $50,000;

D.     That this Court treble any damages awarded to Snap-Loc as a result of Defendant's willful infringement of the '922 Patent under 35 U.S.C. § 284;

E.     That this Court find this to be an exceptional case and award Snap-Loc its reasonable attorneys' fees under 35 U.S.C. § 285;

F.     That this Court award Snap-Loc its costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure; and

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

12

G.    That this Court award Snap-Loc such other relief as it deems just and proper, including exemplary damages and pre- and post-judgment interest.

II.    Snap-Loc prays for entry of judgment in its favor on its claims for trademark infringement and unfair competition, and respectfully requests:

A.    That this Court find Defendant has infringed Snap-Loc's E-TRACK SINGLE trademark, and Snap-Loc's '465 Trademark Reg. for the mark E-TRACK SINGLE, under 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)(l)(A);

B.    That this Court preliminarily and permanently enjoin Defendant from infringing Snap-Loc's E-TRACK SINGLE trademark, and Snap-Loc's '465 Trademark Reg. for the mark E-TRACK SINGLE, under 15 U.S.C. § 1116;

C.    That this Court award damages to compensate Snap-Loc for Defendant's infringement of Snap-Loc's E-TRACK SINGLE trademark, and Snap-Loc's '465 Trademark Reg. for the mark E-TRACK SINGLE, in an amount to be determined at trial, and in no event less than Defendant's profits, together with interest and cost, under 35 U.S.C. § 1117, which Snap-Loc preliminarily estimates to be no less than $75,000;

D.    That this Court find this to be an exceptional case and award Snap-Loc its reasonable attorneys' fees under 15 U.S.C. § 1117;

E.    That this Court award Snap-Loc its costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure; and

III.    Snap-Loc prays for entry of judgment in its favor on its claims for trade dress infringement, and respectfully request:

A.    That this Court find Defendant has infringed Snap-Loc's Snap-Loc's Singles Trade Dress under 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)(l)(A);

B.    That this Court preliminarily and permanently enjoin Defendant from infringing Snap-Loc's Singles Trade Dress, under 15 U.S.C. § 1116;

C.    That this Court award damages to compensate Snap-Loc for Defendant's infringement of Snap-Loc's Singles Trade Dress, in an amount to be determined at trial, and in no event less than Defendant's profits, together with interest and cost, under 35 U.S.C. §

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

13

1117, which Snap-Loc preliminarily estimates to be no less than $75,000;

D.    That this Court find this to be an exceptional case and award Snap-Loc its reasonable attorneys' fees under 15 U.S.C. § 1117;

E.    That this Court award Snap-Loc its costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure; and

IV.    For all causes of action, that this Court award Snap-Loc such other relief as it deems just and proper, including exemplary damages and pre- and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues properly triable to a jury.

Dated: December 22, 2025                NAYLOR & BRASTER

By: *draft* _____
Jennifer L. Braster
Nevada Bar No. 9982
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135

AVYNO LAW P.C.
Jennifer H. Hamilton, Esq. (pro hac vice to be submitted)
Jan A. Sundberg, Esq. (pro hac vice to be submitted)
Shawn B. Hussain, Esq. (pro hac vice to be submitted)
6345 Balboa Blvd., Suite 208, Building I
Encino, CA 91316

*Attorneys for Plaintiff  Snap-Loc Cargo Control Systems, LLC, a Nevada Limited Liability Company.*

NAYLOR & BRASTER
ATTORNEYS AT LAW
10100 W. Charleston Blvd.,
Suite 120
Las Vegas, NV 89135
(702) 420-7000

14